## TAYLOR *vs.* LA BAR and others.

1. E. D. L. & Co., carpenters, contracted on the 28th of March, 1872, with the mortgagor, to do the carpenter work for a house to be erected on the mortgaged premises. Complainant's mortgage was recorded on the 4th of April following. Operations for building the house were not commenced on the ground until after the mortgage had been recorded. E. D. L. & Co. claimed a lien for the amount due them for their work under their contract, and that it was prior to that of the mortgage, on the ground that they had commenced the building before the recording of the mortgage. The evidence was, that the only work they had done before the recording of the mortgage, was "marking on the rods the length and width of the window-frames," but the window-frames were not made until the 8th of April, four days after the recording of the mortgage. *Held,* that the mortgage was entitled to priority over the lien.

2. A mortgage recorded before the commencement of a building, and given to secure advances to be made to pay for the construction of the building, for the payment of which advances in installments the mortgagee bound himself by written agreement when the mortgage was given, is entitled to priority over a lien claimed under the mechanics' lien law, for work done in the construction of the building.

On final hearing on pleadings and proofs.

*Mr. W. H. Morrow,* for complainant.

*Mr. Alward,* for lien claimants.

THE CHANCELLOR.

The only question presented by the pleadings in this case is, whether the building, for work on which the defendants, Edward D. La Bar & Co., carpenters, and Jonas E. Wuchter, roofer, claim mechanics' liens, was commenced before the recording of the complainant's mortgage. The mortgage is dated April 1st, 1872, and was recorded on the 4th of the same month. It was given by George A. La Bar and wife to William F. Van Deventer, (by whom it was subsequently

assigned to the complainant,) to secure advances which Van Deventer then, by written contract, agreed to make in installments to the mortgagor, to enable him to construct the building he proposed to erect on the mortgaged premises. It was made to secure the payment of $4000, in one year from its date, with interest at seven per cent. per annum. The first of the installments to be paid by Van Deventer under his agreement, was to be paid when the foundation of the building was up; the second, when the building was raised; the third, when it was enclosed, and the last, when it was finished. These installments were duly paid. The lien claimants, Edward D. La Bar & Co., agreed to do the carpenter work for the building, and on the 28th of March, 1872, entered into a written contract with the mortgagor, accordingly. They insist that their work was commenced within a day or two after the contract was made. The evidence on that score, however, is far from satisfactory. The work which they claim to have done before the mortgage was recorded, consisted in "getting rods ready to start the window-frames," and "in marking on the rods the length and width of the window-frames." This is said to have been done "in the course of a day or so," after the agreement was signed. The next work was making the window-frames, which was on the 8th of April. The next was the framing of the building, which was done in the latter part of April, or 1st of May, and was the first work done on the ground. The mortgage was recorded on the 4th of April. The mortgagor testifies, and the fact is not disputed, that he began operations on the ground for building, shortly after the mortgage was recorded; that it might have been three days after, and that the foundations were commenced about a week after the recording of the mortgage. The work done by Wuchter, was in slating the roof. It appears that some of the money paid by the mortgagee under his agreement, was appropriated to the payment of a prior mortgage on the premises, and part, but not all of the rest of it, to payment for work and materials done and furnished in the construction of the building.

The first section of the supplement of March 14th, 1863,

to the mechanics' lien law, (*Nix. Dig.* 581, § 66,) provides, that the sale under a special *scire facias*, authorized by the eleventh section of the original act, shall convey the estate of the owner in the lands and in the buildings, subject to all mortgages and other encumbrances, created and recorded or registered prior to the commencement of the building. The lien dates, not from the time of doing the work or furnishing the materials, but from the commencement of the building. *Pennock* v. *Hoover*, 5 *Rawle* 291; *Wells* v. *Canton Co.*, 3 *Md.* 234.

Under the circumstances of this case, the complainant's mortgage is entitled to priority over the lien claims, although the money secured by it was payable in installments, all of which were paid after the commencement of the building. The money was loaned to pay for the work and materials to be done and furnished in building the house, and the complainant was bound by his agreement to advance it. *Moroney's Appeal*, 24 *Penn.* 372.

On the hearing, it was insisted by the counsel of the lien claimants, that the latter are entitled to the benefit of the supplement of April 12th, 1864, to the " act against usury," in respect of premium alleged to have been paid by the mortgagor to Van Deventer. No such claim is made in the answers. They admit the making and recording of the mortgage, and merely claim priority for their liens, on the ground that the building was commenced before the mortgage was recorded.