This is a question as to priority of mortgages.
The building and loan mortgage was recorded on October 5th, 1925. Complainant's mortgages were recorded on October 6th, 1925. The first payment of the building and loan association was made under the mortgage on October 3d, of $3,500, and the payment was disbursed on October 3d 4th, 5th and 6th. A second payment of $2,000 was made under the building and loan mortgage November 3d 1925. Actual notice of complainant's notice was not had by the building and loan association until after the second payment. Complainant claimed priority over the building and loan mortgage to the extent of moneys paid out by the association after October 6th.
I think that a mortgage for future advances is a lien as to subsequent encumbrances from the date of record instead of from the time of each advance. See 5 A.L.R. 398, where the decisions are collected and critically analyzed. See, also, in CentralTrust Co. v. Continental Iron Works, decided by *Page 104 
the court of errors and appeals and reported in 51 N.J. Eq. 605,
where Mr. Justice Van Syckel says, in the opinion of the court:
"In this state mortgages for future advances operate from the time of recording, although the advances may not be made until a subsequent date, and they have priority for all advances made before actual notice of subsequent encumbrances. * * * The ground of equity was that the parties had entered into a legal contract which was partly executed and that parties having notice of such contract must be subordinated to it as if it had been entirely completed. * * * The mortgage was given to secure money to be advanced for the purposes of the mortgagor by the purchaser of the mortgage bonds, and the intention of the parties announced substantially by the execution, recording and delivery of the mortgage can be effectuated only by treating the transaction as a whole by relation as of the date of the mortgage. * * *
"This court, in the Jacobus Case, expressly decided that such constructive notice would not postpone the mortgage debt."
In the case of Taylor v. LaBar, 25 N.J. Eq. 222, Chancellor Runyon, in his opinion, said:
"Under the circumstances of this case, the mortgage is entitled to priority over the lien claims, although the money secured by it was payable in installments, all of which were paid after the commencement of the building. The money was loaned to pay for the work and materials to be done and furnished in building the house, and the complainant was bound by his agreement to advance it."
In the case of the Germania Building and Loan Association v.Fraenkel, 82 N.J. Eq. 49, Vice-Chancellor Emery drew this distinction (at p. 58):
"Mortgages to secure future advances are valid, but where it is entirely optional with the mortgagee, whether to make future advances or not, advances made after notice of a subsequent encumbrance * * * are not chargeable."
Any building and loan mortgage advances are not optional. The building and loan is bound to make the advances and has no option whatever as to when they shall be made. *Page 105 
The general rule, as I understand it, therefore, is that a mortgage for future advances becomes an effective lien as to subsequent encumbrances from the date of its record, where the making of advances, as in this case, is obligatory. But, where the making of future advances is not obligatory, but optional, the mortgage is a prior lien to all subsequent encumbrances until there is actual notice to the mortgagee as distinguished from constructive notice.
I will therefore advise a decree that the lien of the Aggressive building and loan mortgage is prior.